**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **CAMILO MONTOYA, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**VINNY'S OF CARROLL GARDENS RESTAURANT & LUNCHEONETT, INC. d/b/a VINNY'S OF CARROLL GARDENS, and VINCENZO CATALDO, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Camilo Montoya (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former kitchen employee at Defendants' restaurant located in Brooklyn, New York. For his work, during the relevant time period, Plaintiff was not paid

minimum wages for all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York during the six (6)-year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7.     Plaintiff Camilo Montoya ("Montoya") was, at all relevant times, an adult individual residing in Kings County, New York.

8.     Throughout the relevant time period, Plaintiff performed work for Defendants at their restaurant located at 295 Smith Street, Brooklyn, New York 11231.

9.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10.     Vinny's of Carroll Gardens Restaurant & Luncheonett, Inc. is an active New York Corporation doing business as "Vinny's of Carroll Gardens", with its principal place of business at 295 Smith Street, Brooklyn, New York 11231.

11.     According to the New York State Department of State, Division of Corporations, Vinny's of Carroll Gardens Restaurant & Luncheonett, Inc. was registered on March 3, 1997.

12.     Vinny's of Carroll Gardens Restaurant & Luncheonett, Inc. is hereinafter referred to as "Vinny's of Carroll Gardens" or the "Corporate Defendant."

13.     According to the New York State Department of State, Division of Corporations, Defendant Vincenzo Cataldo ("Cataldo") is the chief executive officer of Vinny's of Carroll Gardens Restaurant & Luncheonett, Inc.

14.     Upon information and belief, Defendant Cataldo, is an owner and operator of the Corporate Defendant.

15.     During the relevant time period, Defendant Cataldo has been the owner and principal of the liquor license to Vinny's of Carroll Gardens and is "responsible for the activities

of employees and patrons in all parts of the licensed premises" and is "required to maintain adequate books and records of all the transactions involving [his] licensed business. This includes records recording [his] employees…." (*See* State Liquor Authority, Retail Licensees Handbook).

16.     Defendant Cataldo is hereinafter referred to as the "Individual Defendant" and, together with the Corporate Defendant, the "Defendants".

17.     The Individual Defendant maintained operational control over the Corporate Defendant and managed Vinny's of Carroll Gardens, by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

18.     The Individual Defendant participated in the day-to-day operations of the Corporate Defendant and acted intentionally in its direction and control of Plaintiff and the Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

19.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

21.     At all relevant times, Plaintiff, the opt-in plaintiffs, and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

22.     Upon information and belief, at all relevant times, the Corporate Defendant have had gross annual revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second

Causes of Action as a collective action under the FLSA on behalf of himself and the following

collective:

> All persons employed by Defendants at any time since April 24,
> 2017 and through the entry of judgment in this case (the "Collective
> Action Period") who worked as non-management employees at
> Vinny's of Carroll Gardens (the "Collective Action Members").

25.     A collective action is appropriate in this circumstance because Plaintiff and the

Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime

premiums for work performed in excess of forty (40) hours each week. As a result of these policies,

Plaintiff and the Collective Action Members did not receive the legally-required minimum wages

for all hours worked and overtime premium payments for all hours worked in excess of forty (40)

hours per week.

26.     Plaintiff and the Collective Action Members have substantially similar job duties

and were paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

27.     Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action

under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since April 24,
> 2014 and through the entry of judgment in this case (the "Class
> Period") who worked as non-management employees at Vinny's of
> Carroll Gardens (the "Class Members").

28.     The Class Members are readily ascertainable. The number and identity of the Class

Members are determinable from the records of Defendants. For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under Fed. R. Civ. P. 23.

29.     The Class Members are so numerous that joinder of all members is impracticable.

30.     Upon information and belief, there are in excess of forty (40) Class Members.

31.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

      a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

      b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

      c.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

      d.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

      e.  whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours and/or split shifts;

      f.  whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

      g.  whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

i.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

32.   <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid spread-of-hours premiums when working a shift of ten (10) or more hours and/or a split shift, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

33.   <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

34.   Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

35.   <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

36.   Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

37.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other current litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

38.     At all relevant times, Defendants have been in the food service business. Upon information and belief, Defendants have owned and operated Vinny's of Carroll Gardens from in or around 1997 to the present. According to Defendants' website, "…*Vinny's of Carroll Gardens is a friendly neighborhood Italian restaurant located on Smith Street in Brooklyn, NY. Serving the neighborhood since 1997, where new, modern restaurants and bars are opening every day, Vinny's of Carroll Gardens still maintains its old world style of cooking and tradition. Our luncheonette-style restaurant has that casual atmosphere but offers the finest and freshest ingredients…"* (https://vinnysofcarrollgardens.com/about-vinnys).

39.     Upon information and belief, Defendant Cataldo operated and managed Vinny's of Carroll Gardens since its opening in 1997. (*See id.*).

40.     Upon information and belief, Vinny's of Carroll Gardens operates seven (7) days per week: Mondays to Saturdays from 11:00 am to 10:00 pm and Sundays from 12:00 pm to 9:00 pm.

41.     At all relevant times, the Individual Defendant has been a constant presence at Vinny's of Carroll Gardens, where he manages the operations of the restaurant and takes an active role in ensuring that the business is run in accordance with his procedures and policies.

42.     Upon information and belief, at all relevant times, the Individual Defendant has had

power over payroll and personnel decisions at Vinny's of Carroll Gardens, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

43.      **Plaintiff Camilo Montoya** was employed by Defendants at Vinny's of Carroll Gardens as a dishwasher, delivery employee, porter, runner, and food prep, from in or around August 2010 to on or about March 24, 2020 (the "Montoya Employment Period").

44.      For the first seven (7) years of his Employment Period, from in or around August 2010 to in or around December 2017, Plaintiff Montoya was scheduled to work seven (7) days per week, Mondays through Sundays, from between approximately 6:30 am and 7:00 am to between approximately 9:00 pm and 10:00 pm, shifts of at least fourteen (14) hours per day and sometimes more, for a total of approximately ninety-eight (98) hours per week, and sometimes more.  When he was hired, Plaintiff was told that his schedule was set to end at approximately at 4:00 pm each day, but that never happened and instead, during those first years of employment, his shifts were always extended to 9:00 pm or 10:00 pm.

45.      From in or around December 2017 to the end of his employment period, after a discussion with Defendant Cataldo regarding the need for a day off from the restaurant, Plaintiff was scheduled to work six (6) days per week, Mondays through Saturdays, with most Sundays off. During this period, Plaintiff was scheduled to work from between approximately 8:00 am and 8:30 am to approximately 4:00 pm, for a total of approximately of forty-eight (48) to fifty-one (51) hours per week.

46.      For his work, from the beginning of the Montoya Employment Period to in or around the beginning of December 2017, Plaintiff was paid a purported salary in the amount of

four hundred eighty dollars ($480.00) per week, for all hours worked, including those beyond forty (40) in a given workweek.  On occasion, if the restaurant was busy, at the end of the week Defendant Cataldo added a "bonus" in the amount of twenty dollars ($20.00) to Plaintiff's regular weekly pay.

47.     From in or around the beginning of December 2017 to end of that month, for his work, Plaintiff was paid a purported salary in the amount of five hundred dollars ($500.00) per week for all hours work, including those beyond forty (40) in a given workweek. From in or around January 2018 to in or around June 2018, Plaintiff was paid a purported salary in the amount of five hundred and fifty dollars ($550.00) per week, for all hours worked, including those beyond forty (40) in a given workweek.

48.     Finally, from in or around June 2018 to the end of the Montoya Employment Period, Plaintiff was paid a purported salary in the amount of six hundred dollars ($600.00) per week, for all hours worked, including those beyond forty (40) in a given workweek.

49.     Given the number of hours that Plaintiff worked each week and the amount of his fixed weekly salary, Plaintiff regularly received less than the applicable minimum wage for all hours that he worked during the week.

50.     Throughout the Montoya Employment Period, Plaintiff was also not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours worked over forty (40) each workweek.

51.     Despite the fact that Plaintiff regularly worked shifts in excess of ten (10) hours, especially at the beginning of his employment period through 2017, Plaintiff was not paid spread-of-hours premiums for such days.

52.     Throughout the Montoya Employment Period, Plaintiff was paid weekly and

received his wages entirely in cash, without a pay stub or any other wage statement that provided details of the hours worked during the week or his pay rate.

53.    During his employment period, Plaintiff was not provided with annual wage notices or notices when his pay rate was changed.

**Defendants' Unlawful Corporate Policies**

54.    Plaintiff and the Collective and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

55.    Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiff minimum wages for all hours worked is and has been a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

56.    Plaintiff has spoken with other employees of Defendants who were similarly paid a fixed salary for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each week is and has been a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

57.    Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which Plaintiff worked a spread of more than ten (10) hours and/or a split shift is and has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

58.    Defendants' policy of paying certain employees on a "salary" basis rather than an

hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

59.    Defendants have not provided Plaintiff or Class Members with wage notices at the time of hire, by February 1 of each year, or when their wage rates changed.

60.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid overtime premiums when working in excess of forty (40) hours per week.

61.    Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

62.    Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Collective Action Members)

63.    Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64.    By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

65.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Collective Action Members)

67.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

71.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

73.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

74.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

76.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members

are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiff and the Class Members)

77.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

79.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
### (Brought on Behalf of Plaintiff and the Class Members)

80.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

15

81.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

83.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.     An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.      Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members, as provided for by NYLL, Article 6 § 198(1)-b;

j.      Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members, as provided for by NYLL, Article 6 § 198(1)-d;

k.    An award of prejudgment and post-judgment interest;

l.    An award of costs and expenses of this action together with reasonable attorneys'

      and expert fees; and

m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       April 24, 2020

                               Respectfully submitted,

                               **PELTON GRAHAM LLC**

                               By: _____

                               Brent E. Pelton (BP 1055)
                               pelton@peltongraham.com
                               Taylor B. Graham (TG 9607)
                               graham@peltongraham.com
                               111 Broadway, Suite 1503
                               New York, New York 10006
                               Telephone: (212) 385-9700
                               Facsimile: (212) 385-0800

                               *Attorneys for Plaintiff and the putative*
                               *FLSA Collective and Class*

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Vinny's of Carroll Gardens Restaurant & Luncheonette, Inc and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____             Camilo Montoya
Signature                                   _____
                                            Printed Name

**CONSENTIMIENTO PARA SER UN DEMANDANTE**

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Vinny's of Carroll Gardens Restaurant & Luncheonette, Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____             Camilo Montoya
Firma                                        _____
                                            Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.